Mr. Justice Thacher
delivered the opinion of the court.
This is an action of assumpsit, instituted by the defendant in error, upon an alleged (special contract, for services rendered as a physician, and upon an account for medical services and medicines administered. Upon a verdict and judgment’ for the plaintiff below, the defendant moved for a new trial, and it being overruled, he brings up the whole evidence in the case' to this court in a bill of exceptions. It is clearly evident that the effort to establish the proof of the special contract declared upon, entirely failed. The evidence introduced to prove the account, was to- the effect that the plaintiff below was the practising physician in the family of the defendant, and that he-was seen passing to and from the defendant’s house, during the time included in the account; and that “he did practise in his family” during the period, together with proof that the amounts charged in the account were according to the customary rates. The items of the account do not appear in the record. The bill of exceptions does not show of what character the professional services or medicines supplied were, or that any, in fact, were supplied. The evidence that the physician practised in the family, and was seen going and returning from his house, is not sufficient to create a legal presumption of indebtedness ,by the defendant. This court has gone so far as to authorize a physician tb rcover in an action against his patient, by establishing upon a trial the facts of his habit of keeping correct books of accounts, and that the account sued upon had been correctly copied from his books. Haslip et al. v. Leggett, *400 6 S. & M. 332. But with this exception, physicians must be held, like others, to the customary rules of evidence. In this view, the finding in this case was- plainly unwarranted by the evidence.
Judgment reversed, and cause remanded for a new trial.